Concord Municipal Court,
No. 5038.

STATE

*v.*

ALBERT GEORGE SARGENT

AND

ROBERT MAXWELL DEVOID.

Argued May 2, 1962.

Decided June 29, 1962.

The cases were reserved and transferred together by *Francis E. Perkins,* special justice.

*William Maynard,* Attorney General, *William J. O'Neil* and *Alexander J. Kalinski,* Assistant Attorneys General, and *Paul A. Rinden,* county attorney (*Mr. O'Neil* orally), for the State of New Hampshire.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Stanley M. Brown* orally), for the defendant Albert George Sargent.

*Stanley & Stanley* (*Mr. John W. Stanley, Jr.* orally), for the defendant Robert Maxwell Devoid.

BLANDIN, J.  The first issue before us is whether a defendant charged with a misdemeanor has the right to take depositions before arraignment and plea.  Our answer is no.  *State* v. *Myal,* 104 N. H. 188.

In regard to the other question raised, counsel for the defendants assert that the complaints appear "curious" and illogical and are based upon the testimony of an incompetent complaining witness. While incompetency on the part of a witness is no ground for dismissal of the complaint (*State* v. *Walsh,* 76 N. H. 581) counsel nevertheless earnestly argue that they have the right before arraignment or plea not only to take the complainant's deposition but to examine "all prior medical records relating to her during the last previous ten year period . . . . "  No express authority in point is cited to support such a right, assuredly none existed at common law, and none has been granted by statute.

In effect, the defendants claim the right to impeach the State's witness in advance of arraignment or plea by an exhaustive examination of her life.  As a ground for this, it is urged that those

accused of crime "are entitled to be protected against defamation by publicity at the hands of over-zealous prosecutors who uncritically accept complaints which are illusory or the product of malice, imagination or delusion, however induced." It is further suggested that this investigation might result in disclosing such "inherent incredibility" in the witness' testimony here as to require dismissal of the complaint upon a motion to quash.

It is not to be assumed that our public officials are so delinquent in performing their ordinary duties that our citizens need the extraordinary protection here demanded. It seems obvious that no perfect procedure can be devised which will safeguard all citizens at all times from ill-founded accusations. However, a fact all too often forgotten today is that the rights of law-abiding persons to protection against crime are as sacred as the rights of the accused. A balance must be struck between these two competing interests. In striking this balance, it appears that our Constitution and laws, as interpreted by our courts, afford an accused — among other rights — the opportunity to fully prepare his defense after a plea is entered in ample season before trial by means of depositions and discovery. *State ex rel Regan* v. *Superior Court*, 102 N. H. 224. We believe that reasonable guarantees are thus now given those accused of crimes or misdemeanors that they will not be despoiled of their rights without due process.

In conclusion, we hold that the fair, prompt and orderly disposition of criminal cases, balanced against the rights of the accused, demands in such situations as the present that at least a plea be entered and the issue joined before motions to take depositions or for discovery may be entertained. What justice may then require is ordinarily a question for the court which tries the case. See *State ex rel Regan* v. *Superior Court, supra; Wessells* v. *Company,* 89 N. H. 230.

Although the court has discretionary authority to grant continuances (RSA 596:1; *State* v. *Nelson,* 103 N. H. 478), they were predicated here upon the erroneous assumption that the defendants had the right to take depositions and have discovery prior to arraignment and plea. The court's ruling was therefore improper. The order is

*Remanded.*

DUNCAN, J., dissented; the others concurred.